SEL/KAJ/sly        17-011        12/26/17

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE M. LOPEZ and DANESSA LOPEZ, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No. <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT AT LAW

Plaintiffs, JOSE M. LOPEZ and DANESSA LOPEZ, by and through their attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., complains against defendant, UNITED STATES OF AMERICA ("UNITED STATES"), upon information and belief, and states as follows:

### JURISDICTION

1. This action is brought pursuant to the Federal Torts Claim Act ("FTCA"), 42 U.S.C. § 233, against the United States of America, which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

2. Pursuant to 28 U.S.C § 2675, this claim was presented to the appropriate agency of defendant UNITED STATES, namely the Department of Health and Human Services ("PUBLIC HEALTH SERVICES") on March 7, 2017 for the claims of plaintiff, JOSE M. LOPEZ. This claim was denied.

3. Jurisdiction is conferred upon this court by 28 U.S.C. § 1346(b).

1

## VENUE

4. Pursuant to 28 U.S.C. § 1391(b)(1) and/or 1391(b)(2), as well as 28 U.S.C. § 1391(e)(1), venue is proper in the Northern District of Illinois because the UNITED STATES is a co-defendant, and its agent, ESPERANZA HEALTH CENTER, as well as plaintiff, JOSE M. LOPEZ, both reside in the Northern District of Illinois.

## GENERAL ALLEGATIONS

5. On or about December 14, 2016, and at all times relevant herein, defendant UNITED STATES acted through its agency, PUBLIC HEALTH SERVICES.

6. On or about December 14, 2016, and at all times herein, PUBLIC HEALTH SERVICES provided ESPERANZA HEALTH CENTER, a private entity and corporation licensed to do business in the State of Illinois, with grant money and, in doing so, made ESPERANZA HEALTH CENTER an operational division of defendant UNITED STATES.

7. On or about December 14, 2016, and at all times relevant herein, defendant UNITED STATES' agency, ESPERANZA, was a medical facility that provided rooms, drugs, medical services, equipment, and personnel, including resident physicians, nurses, technicians, and therapists, for the care and treatment of patients, including Plaintiff, JOSE M. LOPEZ.

8. On or about December 14, 2016, and at all times relevant herein, defendant UNITED STATES' agents, DRS. ANDREW VAN WIEREN AND MAXIMILIANO LUNA, individually and within the scope of their official capacities as physicians and

2

employees of defendant, UNITED STATES' agency, ESPERANZA, saw patients for the purposes of care and treatment at ESPERANZA.

9. On December 14, 2016, JOSE M. LOPEZ was assessed as being overweight and suffering from anemia, esophageal reflux, and abdominal pain by defendant UNITED STATES' agent, ANDREW VAN WIEREN, M.D. JOSE M. LOPEZ was ultimately diagnosed with colon cancer upon transfer to another hospital.

## COUNT I - SPEFICIC ALLEGATIONS OF NEGLIGENCE
## UNITED STATES

10. Plaintiff hereby restates paragraphs 1 through 9 as though set forth here in full.

11. On or about December 14, 2016, and at all times relevant herein, defendant, UNITED STATES' agency, ESPERANZA, acting by and through its duly authorized agents, including physicians ANDREW VAN WIEREN, M.D., AND MAXIMILIANO LUNA, M.D. and all treating nurses, and acting as an operational division of defendant, UNITED STATES, was negligent in one or more of the following ways:

   a. Failed to administer the appropriate tests for diagnosing cancer when JOSE M. LOPEZ'S symptoms were persistent and severe;

   b. Failed to administer the appropriate tests to diagnose diabetes considering the results of multiple blood tests;

   c. Failed to administer additional tests to diagnose colon cancer after diagnosing JOSE M. LOPEZ with anemia;

   d. Failed to properly monitor and treat JOSE M. LOPEZ when he complained of severe abdominal pain and diarrhea after being diagnosed with anemia;

   e. Failed to timely diagnose and treat colon cancer; and

 f. Failed to properly interpret the findings of the complete blood counts.

12. As a result of the facts set forth in this Complaint at Law, the defendant UNITED STATES' agency and agents, ESPERANZA, ANDREW VAN WIEREN, M.D., AND MAXIMILIANO LUNA, M.D. owed a duty to JOSE M. LOPEZ, to act with reasonable care.

13. Defendant, UNITED STATES' agency and agents, ESPERANZA, ANDREW VAN WIEREN, M.D., AND MAXIMILIANO LUNA, M.D. breached this duty, which proximately caused JOSE M. LOPEZ injuries of a personal and pecuniary nature.

14. The acts and/or omissions set forth above would constitute a claim under the law of the State of Illinois. (Pursuant to 735 ILCS 5/2-622(a)(1), the required report of a health consultant is attached hereto, as well as the affidavit of the attorney that a meritorious cause of action exists, as Exhibits 1 and 2).

15. Defendant UNITED STATES is liable pursuant to 28 U.S.C. § 1346(b)(1).

WHEREFORE, Plaintiff, JOSE M. LOPEZ, demands judgment against the Defendant, UNITED STATES, in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

### COUNT II – LOSS OF CONSORTIUM (DANESSA LOPEZ)
### UNITED STATES

16. Plaintiff hereby restates paragraphs 1 through 9 as though set forth here in full.

17. On or about December 14, 2016, and at all times relevant herein, defendant, UNITED STATES' agency, ESPERANZA, acting by and through its duly authorized agents, including physicians ANDREW VAN WIEREN, M.D., AND MAXIMILIANO

4

LUNA, M.D. and all treating nurses, and acting as an operational division of defendant, UNITED STATES, was negligent in one or more of the following ways:

a. Failed to administer the appropriate tests for diagnosing cancer when JOSE M. LOPEZ'S symptoms were persistent and severe;

b. Failed to administer the appropriate tests to diagnose diabetes considering the results of multiple blood tests;

c. Failed to administer additional tests to diagnose colon cancer after diagnosing JOSE M. LOPEZ with anemia;

d. Failed to properly monitor and treat JOSE M. LOPEZ when he complained of severe abdominal pain and diarrhea after being diagnosed with anemia;

e. Failed to timely diagnose and treat colon cancer; and

f. Failed to properly interpret the findings of the complete blood counts.

18. As a result of the facts set forth in this Complaint at Law, the defendant UNITED STATES' agency and agents, ESPERANZA, ANDREW VAN WIEREN, M.D., AND MAXIMILIANO LUNA, M.D. owed a duty to JOSE M. LOPEZ, to act with reasonable care.

19. Defendant, UNITED STATES' agency and agents, ESPERANZA, ANDREW VAN WIEREN, M.D., AND MAXIMILIANO LUNA, M.D. breached this duty, which proximately caused JOSE M. LOPEZ injuries of a personal and pecuniary nature.

20. The acts and/or omissions set forth above would constitute a claim under the law of the State of Illinois. (Pursuant to 735 ILCS 5/2-622(a)(1), the required report of a health consultant is attached hereto, as well as the affidavit of the attorney that a meritorious cause of action exists, as Exhibits 1 and 2).

21. Defendant UNITED STATES is liable pursuant to 28 U.S.C. § 1346(b)(1).

22. As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, UNITED STATES, Plaintiff, DANESSA LOPEZ, has suffered and will continue to suffer loss of consortium, including loss of companionship, conjugal relations and marital activities with JOSE M. LOPEZ, because of the injuries he sustained.

WHEREFORE, Plaintiff, DANESSA LOPEZ, demands judgment against the Defendant, UNITED STATES, in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

_____
Attorneys for Plaintiff

SUSAN E. LOGGANS & ASSOCIATES, P.C.
222 North LaSalle Street, Suite 460
Chicago, IL 60601
(312) 201-8600
thefirm@logganslaw.com